IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| HEIBNER DANIEL GIL-ORTIZ, § § *Petitioner*, § § v. § § KRISTI NOEM, in her Official Capacity as Secretary of Homeland Security; BRET BRADFORD, in his official capacity as Field Office Director of ICE Enforcement and Removal Operations Houston Field Office; TODD LYONS, in his Official Capacity as Director, United States Immigration and Customs Enforcement; and ALEXANDER SANCHEZ, in his official capacity as Warden of the IAH Secure Adult Detention Center, § § § § § § § § § § § § *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00132 JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Heibner Daniel Gil-Ortiz (Gil-Ortiz)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

**I. BACKGROUND**

Petitioner Heibner Daniel Gil-Ortiz is a foreign national who entered the United States in 2021. *See* [Dkt. 1 at 7]. On December 16, 2025, United States Immigration and Customs Enforcement ("ICE") detained Gil-Ortiz. *Id.* at 2.

On February 19, 2026, Gil-Ortiz, proceeding pro se, brought a habeas corpus petition. [Dkt. 1]. He claims to be detained in violation of the Fifth Amendment to the United States Constitution. *See id.* at 7.

**II. LEGAL STANDARD**

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241

1

entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. Due Process

Gil-Ortiz argues that the Government has violated due process by detaining him punitively, arbitrarily, and indefinitely without an "individualized assessment." *See* [Dkt. 1 at 3, 7]. Even if Gil-Ortiz were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Gil-Ortiz's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide an "individualized assessment" like a bond hearing. *See* [Dkt. 1 at 3, 7]. Gil-Ortiz's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A). Accordingly, Gil-Ortiz's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Gil-Ortiz's being

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Gil-Ortiz's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Gil-Ortiz's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Gil-Ortiz to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. Equal Protection

Gil-Ortiz also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Gil-Ortiz, section 1225 arbitrarily discriminates against certain aliens based on the circumstances of their entries into the United States. *See* [Dkt. 1 at 7]. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without inspection are not similarly situated to aliens who lawfully enter the country but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See, e.g.,* 8 U.S.C. § 1202(b) (requiring visa applicants to submit police records and jail records along with their applications). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

### IV. CONCLUSION

It is therefore **ORDERED** that Gil-Ortiz's Petition for Writ of Habeas Corpus [Dkt. 1] is

3

hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 11th day of March, 2026.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge